SMITH *v.* GRANDBUSH.

5-2440                                    348 S. W. 2d 880

Opinion delivered September 11, 1961.

*Lester E. Dole, Jr.,* for appellant.

*McMillan & McMillan,* for appellee.

PAUL WARD, Associate Justice.   On July 31, 1959
Raymond E. Smith (appellant herein) filed suit No. 4268
in the Second Division of the Ouachita Chancery Court
against A. J. Grandbush to recover $1,700.00 for labor
(pumping and looking after one oil well and certain
leasehold interests) under a written contract with Grand-
bush. Appellant was given a default judgment for the
said amount, and there is no further controversy over
this item.

In his complaint appellant also asked to have a lien
impressed (under Ark. Stats. § 51-701): ''on the oil
and gas leasehold estate of the defendant (A. J. Grand-
bush) covering the S.E.¼ of S.W.¼ of S.E.¼ of Sec. 27,
Twp. 15 S., Range 15 W., . . . (known as Grand-
bush, et al—Smith Lease) the appurtenances, pipelines,
buildings, and other properties located on the lease-
hold.'' After the cause was transferred and consoli-
dated with Cause No. 8901 then pending in the First
Division Chancery Court of the same county, and after
appellant (only witness) testified at length (24 pages in

the record), the trial court disallowed the lien—hence this appeal.

We have concluded, for reasons hereafter set out, that the decree of the trial court denying the lien must be affirmed.

Appellant seeks to impress his lien, as before stated, under § 51-701 for labor performed. To prevail, he had to show that he filed the required affidavit within 90 days (§ 51-613) after the last work was "in good faith performed" (§ 51-708). Appellant's affidavit was filed March 19, 1959, so he had the burden of showing the performance of work (in good faith) as late as December 19, 1958. The chancellor found that appellant had not met the above requirement, and we think the record supports that finding.

Appellant began working for Grandbush in 1956. His employment, generally speaking, was to tend the pumping of an oil well and to look after a leasehold interest owned by several people. The record discloses that suit No. 8901 was filed sometime previous to October, 1958; that appellant and Grandbush were parties to that suit; and that, on October 10, 1958, the Court found that Grandbush "no longer has any interest in said well," and ordered Grandbush removed as operator. After that date appellant was in the position of contending he was working for Grandbush who appellant knew had no authority to employ him. It was not reversible error for the trial court to find, under the above state of the record, that appellant's affidavit was not filed within the time required by the statute.

The receiver previously appointed by the court, H. W. McMillan, intervened to protect the interest of the leaseholders.

Affirmed.

BOHLINGER, J., not participating.